THE SUNTAG LAW FIRM
A Professional Corporation
DANA A. SUNTAG (California State Bar No. 125127)
ZOEY P. MERRILL (California State Bar No. 268331)
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, California 95202
Telephone: (209) 943-2004
Facsimile: (209) 943-0905

Attorneys for Chapter 7 Trustee
GARY R. FARRAR

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE:

JAMES F. CURRY

        Debtor.

NO: 09-35617-A-7

DC No.: SLF 3

CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORIZATION TO SELL PROPERTY AT PUBLIC AUCTION AND COMPENSATE THE AUCTIONEER AND FOR MODIFICATION OF ORDER ENTERED ON FEBRUARY 18, 2010, GRANTING APPLICATION TO EMPLOY AUCTIONEER

Date: May 24, 2010
Time: 9:00 a.m.
Place: Department A
The Honorable Michael S. McManus

Chapter 7 Trustee Gary R. Farrar respectfully moves for the following:

1. Authorization to sell at public auction the estate's non-exempt interest in miniature pony tack identified in the list of materials described on <u>Exhibit A</u> (the "Property").

2. Authorization to compensate the auctioneer as follows:

    (i) 15 percent commission;

    (ii) Reimbursement of reasonable expenses, if any, incurred in preparing the Property for sale; and

    (iii) 12 percent fee from the successful bidder.[1]

The Trustee believes the sale of the Property is in the best interests of the creditors and this Court should approve it pursuant to Bankruptcy Code Section 363(b).

## BACKGROUND FACTS

1. On July 27, 2009, the Debtor filed this case. Gary R. Farrar was appointed Chapter 7 Trustee. (Farrar Decl., ¶ 2).

2. The Debtor identified inventory from his miniature pony businesses, "Jim Curry Training Center" and/or "J.C. Tack," in Schedule B, Item 30 (the "Inventory"). He valued the Inventory at $28,302.09 and claimed $11,317.50 exempt. The Inventory includes miniature pony tack such as halters, bridles, costumes, ropes, cleaning supplies, and grooming equipment. (Farrar Decl., Ex. A, and ¶ 3).

3. On December 1, 2009, the Debtor delivered the Property, which comprises approximately 65 percent of the Inventory, to the Trustee at the location of Ernst & Associates Auctioneers, Inc.'s business in Modesto. ("Ernst"). The Property is currently stored at Ernst. (Farrar Ex. B, and ¶ 4).

---

[1] As we explain below, because of a clerical error by counsel for the Trustee, the Trustee's Application for Authorization to Employ Ernst & Associates Auctioneers, Inc., which the Trustee filed on January 19, 2010, and the Order granting the Application, which the Court entered on February 18, 2010, inadvertently omitted reference to the buyer's fee, which was specifically referred to in the Declaration of Roger Ernst filed in support of the Application. By this Motion, the Trustee requests that the Court modify the order employing Ernst to correct that error.

MOTION FOR AUTHORIZATION
TO SELL PROPERTY AND
COMPENSATE THE AUCTIONEER

2

4. The Debtor did not schedule any liens against the Property and the Trustee is unaware of any liens. (Farrar Decl., ¶ 5).

### SALE OF THE PROPERTY AT PUBLIC AUCTION

5. The Trustee believes, based on his knowledge and on the evaluation of the Property by Ernst, that there is equity in the Property and a sale of the Property at public auction is the best method of liquidating it for the benefit of the estate. (Farrar Decl., ¶ 6).

6. On January 19, 2010, the Trustee filed an application to employ Ernst. The Court approved the Application on February 18, 2010. (Farrar Decl., ¶ 7).

7. The Trustee believes that by using an auction process, the Property will be exposed to a large number of prospective purchasers and, for that reason, will likely be sold for the best possible price. Ernst engages in extensive advertising, including highway billboards, television, and newspaper advertising, and it mails advertising brochures to its subscriber list of approximately 6000 people. (Farrar Decl., ¶ 8).

8. If the Court approves this Motion, the Trustee intends to sell the Property at public auction at Ernst's first available auction date. The property will be sold on an "AS IS" basis without any warranty. The proposed public sale will be held on the first available Saturday after the Court approves this motion, at 9:00 a.m. at Ernst, located at 824 Kiernan Avenue, Modesto, California 95356. Interested persons may inspect the Property at Ernst on the Friday preceding the sale between 9:00 a.m. and 4:00 p.m. Information regarding the sale or subsequent sale dates, if any, may be obtained by telephoning Ernst, at (209) 527-7399. (Farrar Decl., ¶ 9).

9. Ernst informed the Trustee that the estimated value of the Property is $10,000. The Trustee intends to accept the highest reasonable bid. If, in the exercise of the Trustee's business judgment, no reasonable bid is received, the Property may be held for subsequent auction or private sale without additional notice. (Farrar Decl., ¶ 10).

10. The Trustee believes the sale of the Property at a public auction is in the best interests of the creditors because it is likely to obtain the best possible price and should be approved by the Court under Bankruptcy Code Section 363. (Farrar Decl., ¶ 11).

## AUCTIONEER COMPENSATION

11. In the Declaration of Roger Ernst that the Trustee submitted in support of his application to employ Ernst, filed on January 19, 2010, Mr. Ernst stated that under his agreement with the Trustee, his proposed compensation would be a 15 percent sales commission, reimbursement of reasonable expenses, and a 12 percent buyer's fee. Trustee's counsel, however, inadvertently omitted mention of the 12 percent buyer's fee in preparing the Trustee's application to employ Ernst. On February 18, 2010, the Court entered an Order granting the application, which the Trustee's counsel also prepared, and that Order also inadvertently omitted the Trustee's request to authorize the buyer's fee. (Suntag Decl., ¶ 2).

12. The Trustee requests authorization to pay Ernst the 15 percent commission and reimbursement of reasonable expenses directly from the proceeds of sale, and for Ernst to collect the 12 percent buyer's fee directly from the buyer. The Trustee believes that this is a customary practice for the auction sale of personal property and one which encourages the use of auction professionals to assist with bankruptcy sales of property. A report of the sale will be filed with the Court. (Farrar Decl., ¶ 12).

## CONCLUSION

The Trustee respectfully requests that the Court authorize the sale of the Property at public auction on the terms and conditions set forth in this Motion, approve the compensation of the auctioneer on the terms and conditions set forth in this Motion (15 percent seller's commission, reasonable expenses, and 12 percent buyer's fee, thereby modifying the Court Order employing Ernst), and grant such other and further relief as is appropriate.

Dated: April 14, 2010

THE SUNTAG LAW FIRM
A Professional Corporation

By: */s/ Dana A. Suntag*
DANA A. SUNTAG
Attorneys for Chapter 7 Trustee,
GARY R. FARRAR

MOTION FOR AUTHORIZATION
TO SELL PROPERTY AND                    4
COMPENSATE THE AUCTIONEER